UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Anthony Odom, # 20127846, | ) C/A No. 6:12-2452-TMC-JDA |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Crystal Roberts, *Officer*; <br> R. Wilke, *Officer #2101*; <br> Detective Tyrone Goggins; <br> Warren Mowry, *Laurens County Solicitor's Office*; <br> Robert Dennis, *Officer, Newberry County Sheriff's Office*; <br> Yates Brown, *Newberry County Solicitor's Office*, | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is a pre-trial detainee at the R. E. Johnson Detention Center in Laurens South Carolina. The R. E. Johnson Detention Center is the detention center for Laurens County. In the above-captioned case, Plaintiff has brought suit against four law enforcement officers and two Assistant Solicitors.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's arrest after an investigation of burglaries and other crimes in Laurens County and in Newberry County. Plaintiff is a resident of Barnwell, South Carolina. On November 18, 2011, law enforcement officers from Laurens County and Newberry County executed a search warrant at Plaintiff's residence in Barnwell, South

Carolina, and arrested Plaintiff. Plaintiff states that he was denied a preliminary hearing. Plaintiff also objects to his arrest, which was partially based on the "hearsay" testimony of a co-defendant, Christopher Mixon. In Part V of the Complaint, Plaintiff continues his allegations, but seeks "Evidence to prove or verify any of his allegations."

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Although *Wallace v. Kato*, 549 U.S. 384 (2007) (*Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar false arrest claims by pretrial detainees), is applicable to the above-captioned case, Plaintiff's claims of false arrest fail because he has been indicted in Laurens County for various criminal charges relating to the alleged burglaries. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d Cir. 2000), and *Sibdhannie v. Coffey*, No. CIV. A. 06-3394(PGS), 2006 WL 3780778, at *3 (D.N.J. Dec. 21, 2006) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."), which are cited in *Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007). The table below is compiled from information on the Public Index of the Laurens County Clerk of Court website

(http://publicindex.sccourts.org/laurens/publicindex/PISearch.aspx, last visited on Aug. 27, 2012):

| County | Indictment No. | Charge | Date of Indictment |
|--------|----------------|--------|--------------------|
| Laurens | 2012-GS-30-00310 | second-degree burglary | Feb. 24, 2012 |
| Laurens | 2012-GS-30-00311 | second-degree burglary | Feb. 24, 2012 |
| Laurens | 2012-GS-30-00312 | larceny/grand larceny | Feb. 24, 2012 |
| Laurens | 2012-GS-30-00313 | conspiracy/common law conspiracy | Feb. 24, 2012 |
| Laurens | 2012-GS-30-00314 | conspiracy/common law conspiracy | Feb. 24, 2012 |
| Laurens | 2012-GS-30-00315 | malicious injury to property | Feb. 24, 2012 |
| Laurens | 2012-GS-30-00316 | malicious injury to property | Feb. 24, 2012 |
| Laurens | 2012-GS-30-00317 | larceny/grand larceny | Feb. 24, 2012 |
| Laurens | 2012-GS-30-01105 | second-degree burglary | April 13, 2012 |
| Laurens | 2012-GS-30-01106 | second-degree burglary | April 13, 2012 |

A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011); *see also In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631–33 & nn. 14–15 (E.D. La.

2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).[2]

The two Assistant Solicitors named as defendants (Defendant Mowry and Defendant Brown) are entitled to summary dismissal because they are immune from suit. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310 (Westlaw 2012). Solicitors are elected by voters of a judicial circuit. The elected Solicitor appoints Assistant Solicitors, who serve at the pleasure of the Solicitor. *Anders v. Cnty. Council for Richland Cnty.*, 284 S.C. 142, 325 S.E.2d 538, 539–40 (1985).

Prosecutors — such as Defendant Mowry and Defendant Brown — have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–75 (1993); *Burns v. Reed*, 500 U.S. 478, 490–92 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000).

---

[2]The Public Index for the Newberry County Clerk of Court website (http://publicindex.sccourts.org/newberry/publicindex/PISearch.aspx, last visited on Aug. 27, 2012) indicates that two charges of second degree burglary (M481156 and M481157) are pending in Newberry County but have not yet been presented to a grand jury.

5

Moreover, Plaintiff has not raised a valid claim of malicious prosecution because the criminal charges have not been resolved in his favor. *See McCormick v. Wright*, Civil Action No. 2:10-0033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature."), which cites *Jovanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y. Feb. 7, 2008) (holding in *Wallace v. Kato* applies only to claims of false arrest and holding in *Heck v. Humphrey* still applies to claims of malicious prosecution).

In any event, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Plaintiff can present his constitutional challenges to the Court of General Sessions.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

August 27, 2012  s/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).