IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Maurice Anthony Odom, ) | |
| ) | C/A No. 6:12-2452-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Crystal Roberts, Officer; ) | |
| R. Wilke, Officer #2101; ) | |
| Detective Tyrone Goggins; ) | |
| Warren Mowry, Laurens County Solicitor's ) | |
| Office; Robert Dennis, Officer, Newberry ) | |
| County Sheriff's Office; Yates Brown, ) | |
| Newberry County Solicitor's Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Maurice Anthony Odom, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.  The Plaintiff is a pre-trial detainee at the R.E. Johnson Detention Center in Laurens, South Carolina.  This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") filed in this action on August 27, 2012 recommending that this case be dismissed without prejudice and without service of process.  (Dkt. # 9).[1]   Plaintiff filed objections to the Magistrate Judge's Report on September 4, 2012.  (Dkt. # 11 and Dkt. # 12).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Complaint, Plaintiff alleges claims arising out of his arrest on burglary charges. Plaintiff has burglary charges pending in both Newberry and Laurens County. In her Report, the Magistrate Judge recommends that Plaintiff's action be dismissed without prejudice and without service of process. The Magistrate Judge lists Plaintiff's pending charges in Laurens County and notes that because the grand jury has indicted the Plaintiff on these charges, his false arrest claim fails.  Further, she recommends that the malicious prosecution claims be dismissed as they are barred by *Heck v. Humphrey, 512 U.S. 477 (1994)().*   Additionally, the Magistrate Judge recommends that Plaintiff's claims against two assistant solicitors be dismissed based upon prosecutorial immunity.  In a footnote, the Magistrate Judge citing to the Newberry County Clerk of Court's website, notes that Plaintiff has two charges pending in Newberry County which have not been presented to the grand jury.

In his objections, Plaintiff contends that the Magistrate Judge erred in looking at his pending charges in Laurens County because he contends he is raising issues regarding pending charges in Newberry County.[2]   Plaintiff acknowledges that in March or April 2012, he had a preliminary hearing on these Newberry County charges and he was told a preliminary hearing was unnecessary because he had been indicted on these charges.

---

[2] As Plaintiff refers to Laurens and Newberry Counties and names both Lauren's County and the Newberry Country Assistant Solicitors as defendants, it is not clear from the Complaint if Plaintiff is bringing this 1983 action in regard to his Newberry or Laurens County charges.

Plaintiff now questions whether he has been indicted based upon the Magistrate Judge's footnote stating these charges have not been presented to the grand jury.

The court has reviewed the Newberry County Clerk of Court's website and it clearly shows an indictment number for these two charges. (*See* http://publicindex.sccourts.org/newberry/publicindex/PISearch.aspx, last visited Sept. 7, 2012). The Magistrate Judge simply erred in stating that these charges had not been presented to the grand jury. Accordingly, the Plaintiff's false arrest claims in regard to his pending Newberry County charges fail as "[a] grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983." *Provet v. South Carolina*, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (*citing Gatter v. Zappile*, 67 F.Supp.2d 515, 519 (E.D.Pa.1999).

The court adopts the remaining portions of the Report and the conclusion. Accordingly, this case is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

                                     s/Timothy M. Cain
                                     United States District Judge

September 14, 2012
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.